860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brent BOSWELL, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 No. 87-1119.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1988.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner requests the appointment of counsel in his appeal from the district court's judgment denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Brent Boswell was convicted on two counts of first degree murder and one count of assault with intent to murder; he was sentenced to two life terms and one term of ten to twenty years' imprisonment. According to the theory presented by the prosecution, Boswell and his brother opened fire on three factory guards who had previously denied them access to the factory grounds. Boswell claimed to be elsewhere at the time of the attack; he presented a defense based on misidentification.
 
 
 3
 In his petition for habeas relief, Boswell complained of the loss of exculpatory evidence by the prosecution, improper jury instructions, and ineffective assistance of counsel. The district court determined that Boswell failed to establish a violation of his due process rights. The petition was denied. Upon review, we conclude that denial of the petition was proper. We adopt the reasoning found in the district court opinion and affirm.
 
 
 4
 First, Boswell did not demonstrate the loss of exculpatory evidence. See United States v. Agurs, 427 U.S. 97, 110 (1976). Second, the jury instructions did not impermissibly shift the burden of proof. See Ulster County Court v. Allen, 442 U.S. 140 (1979). Third, Boswell failed to establish ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 5
 Accordingly, the motion for appointment of counsel is denied. The district court's judgment, filed August 18, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.